UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALTER B. WHITE, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-411-DRL-JEM |
| RON NEAL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Walter B. White, Jr., a prisoner without a lawyer, filed a complaint against eleven defendants alleging they violated prison policy when they subjected him to an unsafe work environment. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. White alleges that, on March 28, 2022, while he was working at Indiana Correctional Industries (ICI) located at the Indiana State Prison (ISP), he was injured when a steel cart loaded with metal rolled over his right great toe. ECF 2 at 3. He says ICI's Plant Manager Rob Wright asked him to move the cart, stating "I'm going to take you out [of] your comfort zone" and witnessed the accident. *Id*. X-rays taken after the

accident showed that the bone in Mr. White's right great toe was fractured, his skin was torn, and his nail had been ripped from the nail bed, causing him severe pain. *Id*. He later asked Mr. Wright why ICI had not provided workers with steel toe or composite safety boots and Mr. Wright explained that the boots could be used as weapons. *Id*. at 3-4. Mr. White told Mr. Wright that the accident could have been avoided if he had safety boots and, as a result of Mr. Wright's negligence and failure to report or address ICI's dangerous conditions, he was injured. *Id*. at 4.

Mr. White also asserts that ICI's Lead Engineer and Foreman Todd Davis knew about the dangerous conditions at ICI but failed to report or address the conditions or safety violations. *Id*. at 4. He asserts Mr. Davis was aware of the imminent danger that ICI workers faced when dealing with heavy metals that could crush their feet and cause serious injury and amputation. *Id*.

An Eighth Amendment claim requires more than just an injury; it requires a showing that the injury was the result of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In this context, cruel and unusual punishment means a showing that prison officials were deliberately indifferent to a substantial risk of serious harm to Mr. White. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially

criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

The allegations pertaining to Mr. White being asked to move the steel cart loaded with metal do not allow a reasonable inference that Mr. Wright and Mr. Davis were aware that it posed a substantial risk of harm to Mr. White. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize [safety regulations]. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted).

> This [Eighth Amendment] standard takes on added significance when applied to a prisoner's work-related *Bivens* [or § 1983] claim, since industrial settings sometimes give rise to tragic injuries such as [plaintiff's]. However, it is not the injury itself that gives rise to a *Bivens* [or § 1983] claim. Rather, in such cases courts must scrutinize whether prison officials acted or failed to act with a sufficiently culpable state of mind, in order to determine whether a prisoner's injury was the result of punishment or a tragic accident.

*Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997). Though Mr. White's right great toe injury was a tragic accident, he has not shown that the actions of Mr. Wright or Mr. Davis amount to anything more than negligence. Thus, he has not stated a claim here.

Furthermore, to the extent Mr. White may claim that the additional nine defendants he has named in this case violated his Eighth Amendment rights, he has not shown they were personally involved in the March 28, 2022, incident. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (a § 1983 suit requires "personal involvement

3

in the alleged constitutional deprivation to support a viable claim."); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). And there is also no general *respondeat superior* liability under 42 U.S.C. § 1983. *Id*. at 594. Mr. White has not stated a claim here.

As a final matter, though Mr. White asserts that the defendants violated ISP Facility Directive 91-11, titled "Foot Protection," and Indiana Department of Correction Policy and Administrative Procedure 00-02-201, titled "Compliance with Federal and State Fire, Health and Safety Regulations," the failure to follow prison policy does not amount to a constitutional violation. ECF 2 at 3-14; ECF 2-1 at 8-23. *See Scott v. Edinburg* 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Mr. White has failed to state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

April 13, 2023                                         *s/ Damon R. Leichty*
                                                                    Judge, United States District Court